## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DEJUAN MCKARRY**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 17-556-SDD-EWD**

**DOW CHEMICAL COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEJUAN MCKARRY**            **CIVIL ACTION**

**VERSUS**                    **NO. 17-556-SDD-EWD**

**DOW CHEMICAL COMPANY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by plaintiff Dejuan McKarry.[1] The Motion is opposed.[2] For the following reasons, the undersigned recommends[3] that the Motion be **DENIED** and that Plaintiff's claims against Jeremy DeLacerda be **DISMISSED without prejudice.** It is further recommended that Plaintiff's request for fees under 28 U.S.C. § 1447(c) also be **DENIED**.[4]

### Factual and Procedural Background

On or about July 10, 2017, Plaintiff filed a Petition for Damages in the Eighteenth Judicial District Court for the Parish of Iberville, Louisiana, against The Dow Chemical Company ("Dow"); Union Carbide Corporation ("Union Carbide"); Union Carbide Corporation, a wholly owned subsidiary of The Dow Chemical Company;[5] Central City and Blackhawk Railroad, a

---

[1] R. Doc. 13.
[2] R. Docs. 18, 20 & 22.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.
[4] The undersigned would typically recommend that if this Report and Recommendation is adopted, the case be set for a scheduling conference, however, there is also an unopposed Motion to Dismiss Plaintiff's claims for improper venue pending. R. Doc. 12. If this Report and Recommendation is adopted, good cause exists to defer entry of a scheduling order pending resolution of the Motion to Dismiss.
[5] Based on the allegations contained in the Petition, it appears that "Union Carbide Corporation" and "Union Carbide Corporation, a wholly owned subsidiary of The Dow Chemical Company," are the same entity. *See*, R. Doc. 1-2 at ¶¶ 3 &4.

1

wholly owned subsidiary of Union Carbide ("Central City"); Union Tank Car Company ("UTCC"); UTLX Manufacturing, Inc., a wholly owned subsidiary of UTCC; Jeremy DeLacerda and Randy McDougal, Jr. (collectively, "Defendants").[6] The Petition alleges that on July 10, 2016, while in the course and scope of his employment with Railserve, Inc., Plaintiff was required to climb the vertical ladder of a certain railroad hopper car (the "hopper car"), when suddenly and without warning the ladder broke and Plaintiff fell twelve feet to the ground below.[7] Plaintiff claims that as a result of the fall, he suffered injuries to his neck, left shoulder, left elbow, lower back, pelvis and left hip, and Plaintiff seeks damages for his physical pain and suffering, mental anguish, disability, loss of enjoyment of life, past and future medical expenses, past and future lost wages and loss of earning capacity.[8] Plaintiff alleges, generally, that the Defendants owned, operated, managed, controlled, inspected, maintained, and repaired the hopper car at issue and that his injuries were caused by the Defendants' negligent failure to inspect, repair, and maintain the hopper car.[9] Plaintiff also alleges that in addition to and/or in the alternative, he is entitled to rely upon the doctrine of *res ipsa loquitur*, since the underlying incident is not the kind that normally occurs in the absence of legal fault, negligence, carelessness or omission of duty.[10]

On or about July 25, 2017, Plaintiff filed a First Supplemental and Amending Petition for Damages Under Art. 1151, LCCP (the "Amended Petition"), to specify that the underlying incident occurred at Dow's chemical plant in Taft, Louisiana.[11]

---

[6] R. Doc. 1-2.
[7] R. Doc. 1-2 at ¶ 12.
[8] *Id*. at ¶¶ 16 & 18.
[9] *Id*. at ¶¶ 13, 14 & 16.
[10] *Id*. at ¶ 15. According to the document attached to the Notice of Removal, Plaintiff filed an identical suit in the Twenty-Ninth Judicial District Court for the Parish of St. Charles, Louisiana, also on July 10, 2017, which alleges the same facts and causes of actions against the same defendants as in the Iberville Parish action. *See*, R. Doc. 1-3.
[11] R. Doc. 1-4 at ¶ 12. According to the documents attached to the Notice of Removal, Plaintiff filed an identical First Supplemental and Amending Petition for Damages Under Art. 1151, LCCP in the St. Charles Parish action. *See*, R. Doc. 1-5.

2

On August 14, 2017, UTC, UTLX Manufacturing, LLC, a wholly owned subsidiary of UTC ("UTLX Manufacturing")[12] and Jeremy DeLacerda ("DeLacerda") (UTC, UTLX Manufacturing and DeLacerda are collectively, "Removing Defendants") removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[13] Removing Defendants assert that the parties are diverse because Plaintiff is a citizen of Louisiana, UTC is a citizen of Delaware and Illinois, UTLX Manufacturing is a citizen of Delaware and Illinois,[14] Dow is a citizen of Delaware and Michigan, Union Carbide is a citizen of New York and Texas and Plaintiff alleges Central City to be a citizen of New York and Texas.[15] Although Plaintiff asserts that DeLacerda and McDougal are citizens of Louisiana, Removing Defendants assert that their citizenship, as well as the citizenship of UTLX Manufacturing, should be disregarded because those defendants were improperly joined to defeat diversity jurisdiction.[16] Removing Defendants assert that Plaintiff will be unable to establish a cause of action against DeLacerda and McDougal because they are alleged to be liable only as employees of UTLX Manufacturing, a company that had no involvement with any of the alleged actions or omissions giving rise to Plaintiff's claims.[17]

On September 13, 2017, Plaintiff filed the instant Motion to Remand, asserting that Removing Defendants are unable to carry their burden of proving that Plaintiff has no possibility

---

[12] UTLX Manufacturing alleges that it was "incorrectly sued by its former name, as UTLX Manufacturing, Inc." R. Doc. 1 at Introductory Paragraph & ¶ 21.
[13] R. Doc. 1 at ¶ 10. An Amended Notice of Removal was filed on August 15, 2017 to correct the caption of the original Notice of Removal. *See*, R. Doc. 4.
[14] The Court notes that in the state court Petition, Plaintiff alleged that UTLX Manufacturing, Inc. is "a foreign corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Chicago, Illinois." R. Doc. 1-2 at ¶ 7. Thus, the question of whether UTLX Manufacturing, Inc. or UTLX Manufacturing, LLC is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of UTLX Manufacturing, LLC in the place of UTLX Manufacturing, Inc.—to the extent such substitution would be proper—would not result in the manufacturing of diversity in contravention of *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437-38 (5th Cir. 2014).
[15] R. Doc. 4 at ¶¶ 12-18. Removing Defendants assert that Central City is a fictitious entity. *Id*. Plaintiff does not appear to dispute this fact.
[16] *Id*. at ¶¶ 19, 20 & 21.
[17] R. Doc. 4 at ¶ 23.

3

of tort recovery against Jeremy DeLacerda.[18] Plaintiff also requests an award of attorney's fees under 28 U.S.C. § 1447(c). In opposition, Removing Defendants maintain that neither DeLacerda, McDougal, nor their employer, UTLX Manufacturing, had any involvement whatsoever with the hopper car at issue in this case, nor did they have any involvement with similar hopper railcars generally, or the workers or work site at the Taft chemical plant where the accident allegedly occurred.[19] In other words, Removing Defendants assert that Plaintiff has sued the wrong defendants.[20] On October 4, 2017, Dow and Union Carbide each filed a "Joinder in Defendants' Opposition to Motion to Remand," stating that each entity "adopts and incorporates by reference" the memorandum and exhibits filed by the Removing Defendants in opposition to Plaintiff's Motion to Remand.[21] The parties do not dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs.[22]

The Removing Defendants assert that DeLacerda, McDougal and UTLX Manufacturing should be dismissed from this suit as improperly joined. Because the undisputed facts establish that UTLX Manufacturing, a citizen of Delaware and Illinois, has diverse citizenship from Plaintiff, a citizen of Louisiana, the undersigned does not evaluate whether Plaintiff fails to state a claim against UTLX Manufacturing. Additionally, because the undisputed facts establish that McDougal has been domiciled in Texas since June 30, 2016 (before Plaintiff's accident occurred), the undersigned also does not consider the argument that McDougal is improperly joined.[23]

---

[18] R. Doc. 13 at p. 1. The Motion to Remand does not address the Removing Defendants' assertion that McDougal and UTLX Manufacturing were also improperly joined as defendants in this matter.
[19] R. Doc. 18 at p. 1.
[20] *Id.*
[21] R. Docs. 20 & 22.
[22] *See,* R. Doc. 13; R. Doc. 18 at p. 4, n.4.
[23] McDougal's affidavit states that he has been a domiciliary of the State of Texas since June 30, 2016. R. Doc. 18-2 at p. 2. A review of the docket indicates that McDougal has not made an appearance in this action and although the Amended Notice of Removal filed by UTC, UTLX Manufacturing and DeLacerda states that McDougal is a domiciliary of Louisiana (R. Doc. 4 at ¶19), Plaintiff's Motion to Remand does not argue that McDougal was improperly joined and UTC, UTLX Manufacturing and DeLacerda rely on McDougal's affidavit in opposition to the

4

Whether the Petition states a claim against UTLX and/or McDougal is not a determination necessary to the analysis of the Court's subject matter jurisdiction. Thus, the undersigned proceeds only with a determination as to whether DeLacerda was improperly joined.

## Applicable Law and Analysis

### A. Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[24] To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. at 646-47. Here, the first method of proving improper joinder is not at issue because the Removing Defendants have not alleged actual fraud in the Petition. The Removing Defendants instead argue that Plaintiff will be unable to establish a cause of action against DeLacerda. As such, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[25]

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways.[26] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.

---

Motion to Remand. Thus, there does not appear to be any dispute as to the fact of McDougal's domicile in Texas at all times relevant to this litigation.
[24] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[25] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).
[26] *Id.* at 573.

5

Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[27] However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined.[28] Although the decision regarding the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[29] The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[30] In determining whether a party was improperly joined, the Court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party.[31]

### B. The Arguments of the Parties

In the Motion to Remand, Plaintiff asserts that the Removing Defendants cannot meet their heavy burden of establishing improper joinder of Jeremy DeLacerda because the state court Petition provides sufficient facts to establish that Plaintiff has a reasonable possibility of recovery against him.[32] In the Petition, Plaintiff alleges that at all times relevant to this litigation DeLacerda was the General Manager of UTLX Manufacturing's facility in Alexandria, Louisiana.[33] Plaintiff claims the following allegations in the Petition are sufficient to establish a cause of action for negligence against DeLacerda:

---

[27] *Id*. (citations omitted).
[28] *Id*. (citation omitted).
[29] *Id*. at 573-74.
[30] *Id*. at 574.
[31] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[32] R. Doc. 13-1 at p. 5.
[33] R. Doc. 1-4 at pp. 3-4, ¶¶ 8 & 9.

6

COMES NOW, Dejuan McKarry ("McKarry") petitioning against The Dow Chemical Company, Union Carbide Corporation, Union Carbide Corporation, a wholly owned subsidiary of The Dow Chemical Corporation, Central City and Blackhawk Railroad, a wholly owned subsidiary of Union Carbide Corporation, Union Tank Car Company and UTLX Manufacturing, Inc., a wholly owned subsidiary of Union Tank Car Company, Jeremy DeLacerda and Randy McDougal, Jr. hereinafter sometimes collectively referred to as ("Defendants") . . . .

. . . .

8.

Jeremy DeLacerda is believed to be a person of the full age of majority and a resident of Lena, Rapides Parish, Louisiana. Jeremy DeLacerda was, at all times relevant hereinafter, employed as the General Manager by UTLX Manufacturing, Inc. at its Alexandria facility.

. . . .

10.

That, at all times relevant hereinafter, Defendants owned, operated, managed, controlled, inspected, maintained, and repaired a certain railroad hopper car assigned the railroad reporting mark, otherwise known as the standard carrier alpha code [SCAC], CCBX71279.

. . . .

12.

That, on Sunday, July 10, 2016, while in the course and scope of his employment with Railserve, McKarry was required to climb the aforementioned hopper car's vertical ladder, when, suddenly and without warning, the hopper car's vertical ladder broke and McKarry fell some twelve (12) feet to the ground below, causing McKarry to suffer the injuries and damage described in more detail below.

13.

That, the said accident, injuries and damage suffered by McKarry were caused wholly and solely as a result of the legal fault, carelessness, negligence and omission of duty on the part of these Defendants, without any legal fault, carelessness, negligence, or omission of duty on the part of McKarry causing or in any way contributing thereto.

14.

That, the legal fault, negligence, carelessness, and omission of duty on the part of these Defendants consisted of, the following:

7

a. in failing to inspect and/or in failing to adequately inspect hopper car CCBX71279 in order to satisfy itself/themselves that it was free of all recognized hazards and defects;

b. in failing to repair and/or in failing to adequately repair hopper car CCBX71279 when it knew, or in the exercise in due and reasonable care, should have known, that it was defective and otherwise unreasonably dangerous;

c. in failing to maintain and/or in failing to adequately maintain hopper car CCBX71279 free of all recognized hazards and defects;

d. in failing to take hopper car CCBX71279 out of service;

e. in failing to "tag-out" the vertical access ladder on hopper car CCBX71279, when it knew, or in the exercise in due and reasonable care, should have known, that it was defective and otherwise unreasonably dangerous;

f. in failing to take precautions to prevent, or for that matter, in failing to take any precautions concerning the unfit, unsafe and unsuitable workplace conditions designed specifically to prevent an accident, injuries and damages as suffered by McKarry;

g. in failing to provide McKarry with an adequate, sufficient, and safe hopper car free from all recognized hazards and defects;

h. in that these Defendants were the owners of, and the custodians of, hopper car CCBX71279 and, therefore, these Defendants had the non-delegable duty under Louisiana Civil Code Articles 2317 to keep and maintain the hopper car CCBX71279 in a reasonably safe condition free of all vices and defects, but failed to do so;

i. in that these Defendants and, in particular, Messrs. Jeremy DeLacerda and Randy McDougal, Jr. failed to train, instruct, and supervise and/or failed to adequately train, instruct, and supervise its employees in the inspection of hopper cars like hopper car CCBX71279 including, but not limited to the vertical ladder found on hopper car CCBX71279 in order to identify hazards and defects which would cause the said hopper cars to be defective and unreasonably dangerous, and

j. in that these Defendants and, in particular, Messrs. Jeremy DeLacerda and Randy McDougal, Jr. failed to train, instruct, and supervise and/or failed to adequately train, instruct, and supervise its employees in the periodic maintenance and repair of hopper cars like

8

> hopper car CCBX71279 including, but not limited to the vertical ladder found on hopper car CCBX71279 in order to eliminate hazards and defects which would cause the said hopper cars to be defective and unreasonably dangerous.[34]

Plaintiff further asserts that any contested issues of substantive fact, such as whether DeLacerda breached a duty to inspect, maintain and repair, as well as to train, instruct and supervise all those obligated to inspect, maintain and repair the hopper car at issue, must be decided in Plaintiff's favor for purposes of remand.[35] Plaintiff argues that Removing Defendants have not proven that DeLacerda had no responsibility to inspect, maintain and repair the hopper car, or to train, instruct, or supervise those employed by UTLX Manufacturing to do so. Plaintiff asserts that simply suggesting, as the Removing Defendants did in the Amended Notice of Removal, that UTLX Manufacturing's business is limited to the manufacture of railroad cars is insufficient to show Plaintiff has absolutely no possibility of recovery against DeLacerda.[36]

In opposition, the Removing Defendants acknowledge that Plaintiff's specific allegations against DeLacerda, on their face, appear to state a cause of action.[37] However, Removing Defendants urge the Court to pierce the pleadings in this case and consider the Declaration of DeLacerda, which was submitted with the Removing Defendants' Memorandum in Opposition to the Motion to Remand and which shows that DeLacerda had no involvement whatsoever with the hopper car at issue in this case.[38] Removing Defendants assert that the claims against DeLacerda are based on his alleged ownership, operation, management, control, inspection, maintenance and repair of the underlying hopper car *or* his alleged failure to provide a safe workplace to Plaintiff *or* their failure to train, instruct, or supervise UTLX Manufacturing employees.[39] However,

---

[34] R. Doc. 13-1 at pp. 7-10 (*citing* R. Doc. 1-4 at Introductory Paragraph and ¶¶ 8, 10, 12, 13 & 14).
[35] R. Doc. 13-1 at pp. 5-6 & 11 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).
[36] R. Doc. 13-1 at p. 12.
[37] *See*, R. Doc. 18 at p. 5.
[38] R. Doc. 18 at pp. 1 & 3.
[39] R. Doc. 18 at p. 4.

9

Removing Defendants argue that the Declaration of DeLacerda makes it "abundantly clear" that he did not have any involvement with the hopper car at issue, Plaintiff's work site, or training anyone on hopper railcar usage, maintenance, safety or repair.[40] Removing Defendants cite several cases from this Circuit in support of their contention that the Court should pierce the pleadings and consider the Declaration of DeLacerda.[41]

### C. Jeremy DeLacerda Cannot Be Held Liable Under Louisiana Law

The state law governing the Court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third parties. The Louisiana Supreme Court has held that an employee can only be held personally liable for injuries to third persons where: (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. *Canter v. Koehring*, 283 So.2d 716, 720-21 (La. 1973); *See, Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009) (citing *Canter*, 283 So.2d at 721). The Fifth Circuit has held that, "*Canter* liability to third persons for the negligence of corporate

---

[40] R. Doc. 18 at p. 4. Removing Defendants also assert that the Declaration of McDougal shows that he was domiciled in Texas when the Petition was filed. *Id.*; *See*, R. Doc. 18-2 at ¶ 4.

[41] R. Doc. 18 at pp. 4-7 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011); *Vaillancourt v. PNC Bank, National Association*, 771 F.3d 843 (5th Cir. 2014); *Ashley v. Devon Energy Corp.*, Civ. A. No. 14-512-SDD-RLB, 2015 WL 803136 (M.D. La. Feb. 25, 2015); *Bufford v. Clayton Homes*, Civ. A. No. 13-448-BAJ, 2014 WL 972078 (M.D. La. Mar. 12, 2014); *Pate v. Adell Compounding, Inc.*, 970 F. Supp. 542 (M.D. La. 1997); *Kimball v. Modern Woodmen of America*, 939 F. Supp. 479 (M.D. La. 1996); *Reese v. ICF Emergency Management Services, Inc., LLC*, 684 F. Supp. 2d 793 (M.D. La. 2010); *Esposito v. Ethicon, Inc.*, Civ. A. No. 11-207-JJB-SCR, 2011 WL 2883067 (M.D. La. June 13, 2011); *Sanchez v. Shintech Louisiana, LLC*, Civ. A. No. 12-370-BAJ-SCR, 2013 WL 1296684 (M.D. La. Feb. 19, 2013); *Ramsay v. Rusnak*, Civ. A. No. 12-614, SDD-RLB, 2013 WL 4039405 (M.D. La. Aug. 7, 2013); *Carpenter v. Wal-Mart Louisiana, LLC*, Civ. A. No. 14-2370, 2015 WL 4509709 (E.D. La. July 24, 2015)).

officers and employees may only be imposed for bodily injury claims." *Kling Realty Co., Inc.*, 575 F.3d at 515 (citing *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)).

In the instant case, none of the Plaintiff's claims against DeLacerda satisfy the *Canter* criteria for tort liability. In the Petition, Plaintiff alleges that DeLacerda owed several duties with respect to the hopper car involved in Plaintiff's accident, including a duty to train, instruct and supervise their employees in the inspection and periodic maintenance and repair of hopper cars like the one involved in the underlying accident.[42] The performance of these alleged duties, however, would be general responsibility associated with DeLacerda's employment at UTLX Manufacturing, not a duty owed personally by DeLacerda to Plaintiff based on some special or unique relationship. Because the alleged duties of DeLacerda were general administrative responsibilities for the performance of his employment and because Plaintiff has failed to allege any specific personal duties owed by DeLacerda to Plaintiff, Plaintiff has no possibility of recovery against DeLacerda under Louisiana law. *See*, *Ramsay v. Rusnak*, Civ. A. No. 12-614, SDD-RLB, 2013 WL 4039405, at *6 (M.D. La. Aug. 7, 2013) (concluding that plaintiffs had no possibility of recovery against non-diverse defendant based upon his failure to perform duties that were general responsibilities of his employment); *see also*, *Jackson v. Syngenta Crop Protection, LLC*, Civ. A. No. 12-581-SDD-SCR, 2013 WL 3329855, at *3-4 (M.D. La. July 1, 2013) (finding improper joinder of plant nurse and staff industrial hygienist who had general administrative responsibilities to evaluate employees for occupational chemical exposure and owed no personal duty to employees).

Further, the Removing Defendants have submitted uncontroverted facts in the Declaration of DeLacerda precluding recovery by Plaintiff against DeLacerda. DeLacerda's Declaration states

---

[42] *See*, R. Doc. 1-4 at ¶ 14(i) & (j).

11

that DeLacerda did not have "any involvement with, responsibility for, or authority over, any hopper railcars, workers, or work sites at the chemical plant in Taft, Louisiana where the accident at issue allegedly occurred."[43] With respect to the specific allegations made against DeLacerda in the Petition, the Declaration states that DeLacerda did not have "the responsibility, authority or opportunity, to train, instruct, or supervise UTLX or anyone else on the inspection of the Hopper Railcar," nor did he have "the responsibility, authority or opportunity, to train, instruct, and supervise UTLX employees or any other persons on the periodic maintenance and repair of the Hopper Railcar or similar hopper cars generally."[44] With respect to Plaintiff's general allegations against the Defendants collectively, the Declarations state that DeLacerda did not employ Plaintiff at the time of Plaintiff's alleged accident nor did DeLacerda have any involvement whatsoever with the hopper car at issue, as he never operated, managed or controlled the hopper car.[45] The Declaration also states that DeLacerda never: (1) inspected, repaired or maintained the hopper car at issue, or had the responsibility, authority or opportunity to do so; (2) had the responsibility, authority or opportunity to take the hopper car at issue out of service; (3) had the responsibility, authority or opportunity to take precautions to prevent any of the allegedly unfit, unsafe and unsuitable work place conditions allegedly encountered by Plaintiff; (4) had the responsibility, authority or opportunity to provide Plaintiff with an adequate, sufficient and safe hopper car; (5) owned or had custody of the hopper car at issue; (6) had the responsibility, authority or opportunity to keep and maintain the hopper car in a reasonably safe condition; or (7) had the responsibility, authority or opportunity to exercise case, custody or control of the hopper car at issue.[46]

---

[43] R. Doc. 18-1 at ¶ 17.
[44] R. Doc. 18-1 at ¶¶ 14 & 15.
[45] R. Doc. 18-1 at ¶¶ 4 & 5.
[46] R. Doc. 18-1 at ¶¶ 4-16.

Plaintiff has not submitted any summary judgment-type evidence or any other facts which would establish that there is a possibility that DeLacerda could be held liable in this case, nor has Plaintiff sought leave to file a reply memorandum to address the assertions made in the Declaration of DeLacerda. In light of the Removing Defendants' undisputed evidence that DeLacerda did not have any involvement whatsoever with the hopper car or Plaintiff's accident, the Removing Defendants have demonstrated that Plaintiff has no possibility of recovery against DeLacerda based upon the allegations in the Petition. *See*, *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011) (concluding that defendants were improperly joined based upon an undisputed affidavit and deeds of trust submitted by the removing defendants); *Norman v. H.E. Equipment Services, Inc.*, Civ. A. No. 14-367-JWD-SCR, 2014 WL 7237686 (M.D. La. Dec. 17, 2014) (concluding that defendants were improperly joined based upon affidavits submitted with the notice of removal). As such, the Removing Defendants have carried their heavy burden of proving there is no possibility that Plaintiff can recover from DeLacerda under the facts of this case. Thus, DeLacerda was improperly joined as a defendant.

## Conclusion

Based on the foregoing, the Removing Defendants have met their burden of proving that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy likely exceeds $75,000. The Removing Defendants have shown that Jeremy DeLacerda was improperly joined as a defendant in this matter because Plaintiff has no possibility of recovery against DeLacerda under Louisiana's law of negligence. Thus, DeLacerda was improperly joined as a defendant in this matter and his citizenship should be disregarded for removal purposes. There is complete diversity between Plaintiff and the remaining defendants, The Dow Chemical Company; Union Carbide Corporation;

Union Carbide Corporation, a wholly owned subsidiary of The Dow Chemical Company; Central City and Blackhawk Railroad, a wholly owned subsidiary of Union Carbide; Union Tank Car Company; UTLX Manufacturing, LLC and Randy McDougal, Jr., and the Court should retain subject matter jurisdiction over this action. Plaintiff's claims against DeLacerda should be dismissed without prejudice.[47]

## **RECOMMENDATION**

It is the recommendation of the undersigned Magistrate Judge that Plaintiff's Motion to Remand[48] should be **DENIED** and that Plaintiff's claims against Jeremy DeLacerda should be **DISMISSED without prejudice.** As the undersigned finds the basis for removal was proper, Plaintiff's request for fees under 28 U.S.C. § 1447(c) should also be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 11, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[47] *See, Montoya v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 16-00005 (RCL), 2016 WL 5942327, at *3 (W.D. Tex. Oct. 12, 2016) ("When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice.") (citing *Int'l Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)).
[48] R. Doc. 13.